UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER MARK MURPHY,

                      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

**MEMORANDUM AND ORDER**

20-CV-4999 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Christopher Mark Murphy ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings reversing the Commissioner's decision and remanding for further proceedings. (*See* Pl.'s Mem. L. Supp. Mot. J. Plead ("Pl.'s Mem."), ECF No 14-1.) Defendant cross-moves for judgment on the pleadings pursuant to Rule 12(c) affirming the Commissioner's decision. (*See* Def.'s Mem. L. Supp. Cross-Mot. J. Plead ("Def.'s Mem."), ECF No. 15-1.)

## BACKGROUND

      On June 8, 2016, Plaintiff applied for disability benefits alleging disability beginning on July 31, 2009, due to anxiety, paranoia, depression, diabetes, retinopathy, neuropathy, kidney failure, orthostatic hypotension, rotator cuff tear, and ligament tear in the left wrist and arm. (Admin. Tr. ("Tr.") at 68, 229–30, 257, ECF No. 8.) Plaintiff's application was denied. On July 2, 2019, following a hearing, an administrative law judge ("ALJ") issued its decision finding that Plaintiff was not disabled from July 31, 2009, through December 31, 2014, Plaintiff's date of last

insured (the "Relevant Period"). (*Id*. at 10–20.) On August 14, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (*Id*. at 1–6.)

## STANDARD OF REVIEW

Under the Social Security Act, a disability claimant may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence…"). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of

conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

Plaintiff's claim for disability benefits was filed prior to March 27, 2017, and is therefore subject to the "treating physician" rule. The "treating physician rule" requires the Commissioner to "give[] controlling weight [to the medical opinion of a claimant's treating physician] so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quotation marks and modifications omitted). When controlling weight is not given to a treating physician's opinion, the ALJ must consider the following factors set out in *Burgess v. Astrue*: "(1) the frequently, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing *Burgess*, 537 F.3d at 129); *see also* 20 C.F.R. § 404.1527(c). "[A] reviewing

3

court should remand for failure to explicitly consider the *Burgess* factors unless a searching review of the record shows that the ALJ has provided 'good reasons' for its weight assessment." *Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019).

Plaintiff argues that the ALJ failed to give controlling weight to Dr. Sanford P. Salomon's treating opinion, failed to explicitly provide "good reasons" for giving the opinion limited weight, and failed to request treatment notes from the Relevant Period from Dr. Salomon. (Pl.'s Mem. at 11–14.) These arguments are unavailing.

Dr. Solomon's opinion, dated June 20, 2016, consists of a single-paragraph letter stating:

> [Plaintiff] has been seen intermittently since 2001 in psychiatric consultation and treatment. He suffers from paranoid delusions that people in his environment are speaking about him in a derogatory manner. In spite of psychiatric medication and psychotherapy these delusions persist and make it impossible for him to function in the work place. I consider him to be disabled and unable to work.

(Tr. at 473.) The ALJ gave Dr. Solomon's opinion little weight. (*Id*. at 18.) In doing so, the ALJ found the opinion is "largely conclusory with little explanation of the degree of [Plaintiff's] limitations due to his psychological impairment through a function by function assessment." (*Id*.) The ALJ further found that Dr. Solomon's opinion does not specify when Plaintiff's mental impairments became disabling and does not address whether Plaintiff was capable of returning to work during the Relevant Period. (*Id*.) Moreover, the ALJ noted that there were no treatment notes in the record supporting Dr. Solomon's assertions of unremitting paranoid delusions during the Relevant Period. (*Id*.)

A review of the record confirms that the ALJ provided good reasons for giving Dr. Solomon's opinion little weight. As the ALJ notes, the record contains no mental health treatment notes from the Relevant Period to support Plaintiff's alleged mental impairments or Dr. Solomon's assertions. (*Id*. at 13.) Plaintiff's argument that a May 2017 letter submitted by North Shore Diabetes and Endocrine Associates supports Dr. Solomon's opinion is not

persuasive. (*See* Pl.'s Mem. at 13.) The May 2017 letter—which is not attributed to any specific doctor—states that Plaintiff was seen in June 2012 and was experiencing "significant paranoia." (Tr. at 586.) Additionally, the letter states that Plaintiff "had been seeing a psychiatrist and was treated for depression but had been functional." (*Id*.) While these statements seem to align with Dr. Solomon's terse opinion, the May 2017 letter is not accompanied by any treatment notes from the Relevant Period. The ALJ gave the May 2017 letter little weight because it contained a conclusion reserved for the Commissioner, did not provide a specific function-by-function assessment, referenced current medical conditions outside of the Relevant Period, and was unsupported by treatment notes detailing any mental impairments beginning in June 2012. (*Id*. at 19.)

Further, and perhaps most glaringly, the record shows that Dr. Solomon was contacted to provide supporting documentation just two days after submitting his opinion. (Tr. at 266.) In response, Dr. Solomon indicated that "Plaintiff was only seen 3 or 4 times in many years and [Dr. Solomon] cannot provide adequate information to support diagnosis because [Plaintiff] did not see him regularly." (*Id*.) Not only does this evidence demonstrate the ALJ's attempt to develop the record, it cuts against the import of Dr. Solomon's opinion itself.

At bottom, the record shows the ALJ had good reason to give Dr. Solomon's opinion limited weight. Accordingly, there was no need for the ALJ to explicitly address each *Burgess* factor, to the extent they were not address implicitly. *See e.g.*, *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear.")

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED, Defendant's cross-motion for judgment on the pleadings in GRANTED, and the Commissioner's final decision is AFFIRMED.

                                                  SO ORDERED.

Dated: Brooklyn, New York  
       March 31, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge